UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Philip Dace,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>United States Postal Service (USPS).,<br><br>　　　　　Defendant. | 2:25-cv-00059-GMN-MDC<br><br>**ORDER DENYING IFP AS MOOT** |

　　　　Pending before the Court is *pro se* plaintiff Philip Dace's *Motion/Application to Proceed In Forma Pauperis* ("IFP application") (ECF No. 10). For the reasons stated below, the Court DENIES the IFP application as moot.

**DISCUSSION**

　　　　Under 28 U.S.C. § 1914(a), a filing fee is required to commence an action in federal court, whether by original process or removal. However, under 28 U.S.C. § 1915, allows the court to waive the fees if the party submits a financial affidavit that demonstrates he is "unable to pay such fees or give security therefor."

　　　　Plaintiff filed his action in state court and defendant removed the action to federal court (ECF No. 1). Thereafter, plaintiff filed his IFP application. ECF No. 10. Plaintiff's IFP application is moot because defendant removed this action and paid the removal fee. Thus, there is no "filing fee" for plaintiff to pay.

　　　　To the extent plaintiff submits his IFP application to seek relief from other litigation costs, the Court denies such a request. The Local Rules of our district state that granting an IFP application "does not relieve the applicant of the responsibility to pay the expenses of litigation that are not covered by 28 U.S.C. § 1915." LSR 1-6. Thus, even if the Court granted plaintiff's IFP application, he would still be responsible for all other costs associated with litigation.

ACCORDINGLY,

**IT IS ORDERED** that the IFP application (ECF No. 10) is DENIED AS MOOT.

DATED this 11th day of February 2025.

IT IS SO ORDERED.



_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.